# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ANTHONY L. COOK**  )  <br> Plaintiff,  )  <br>  )  <br>  )  <br> v.  )  <br>  )  <br>  )  <br> **MICHAEL J. ASTRUE**,  )  <br> **Commissioner of Social Security**,  )  <br> Defendant.  )  | Civil Action No. 1:10cv00033 <br><br><br> **MEMORANDUM OPINION** <br><br><br><br> By: PAMELA MEADE SARGENT <br> UNITED STATES MAGISTRATE JUDGE |

The plaintiff in this social security case seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2011) (Docket Item No.23) ("Motion"). Based on the reasoning set out below, the Motion will be granted, but attorneys' fees in a slightly reduced amount will be awarded.

Anthony L. Cook filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, October 25, 2011, the undersigned recommended remanding Cook's claims pursuant to sentence four of 42 U.S.C. § 405(g). (Docket Item No. 21). This recommendation was adopted by the district judge, the Commissioner's decision denying benefits was vacated,

and the claims were remanded for further evaluation. (Docket Item No. 22). Counsel for Cook has filed a petition seeking approval of a fee of $1,362.50 and costs in the amount of $350.00 for representing Cook in this court. The Commissioner does not object either to the award of attorneys' fees and costs or to the amounts requested. (Docket Item No. 27).

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2011). Here, the plaintiff is the "prevailing party" because the court remanded the case pursuant to "sentence four" of 42 U.S.C.A. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I find that the plaintiff is entitled to an award of EAJA fees. However, for the reasons that follow, I will award a fee in an amount slightly less than that sought by Cook's counsel.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a

higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006).

Cook's counsel has submitted a sworn, itemized record of time expended in this case, showing a total of 8.5 hours of attorney work and 4 hours of paralegal work at an hourly rate of $125.00 and $75.00, respectively. (Docket Item No. 25).

As stated above, the Commissioner has not objected either to the award of attorneys' fees and costs or to the amounts sought. (Docket Item No. 27). Using this court's fairly recent case of *Chapman v. Astrue* as guidance, I find that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (quoting *Cook v. Brown* 68 F.3d 447, 453 (Fed. Cir. 1995)). As further stated by this court in *Chapman*, "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel demonstrates that some of the time should be reduced in rate or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's

counsel has claimed 1.00 hour of paralegal time and .25 hour of attorney time for preparation of the Complaint.  Counsel also seeks .25 hour of paralegal time for preparation of three summonses.  I will allow 1 hour of paralegal time and .25 hour of attorney time for these activities combined.  Plaintiff's counsel claims .25 hour of attorney time for review of the IFP order and process of the Complaint, which I find to be reasonable.  I further find reasonable plaintiff's counsel's claim of .25 hour of paralegal time for electronic submission of certified green cards to the court and .25 hour of paralegal time for review of the Answer and Notice of Filing of the administrative record.  While plaintiff's counsel claims .25 hour of attorney time for reviewing the Briefing Notice, I find that this should be calculated as paralegal time.  Plaintiff's counsel also claims .50 hour of paralegal time and .25 hour of attorney time for preparation and submission of the motion and proposed order granting an extension of time to submit the motion for summary judgment and brief.  I will allow the time requested.  I also will allow plaintiff's counsel's claims for .25 hour of attorney time for review of the order granting the motion for extension, .50 hour of paralegal time and .25 hour of attorney time for preparation and submission of the second motion for extension, .25 hour of attorney time for review of the order granting the second motion for extension and .25 hour of paralegal time and 5 hours of attorney time for preparation and submission of the motion for summary judgment and supporting brief.  Plaintiff's counsel claims .50 hour of attorney time for reviewing the Commissioner's motion for summary judgment and supporting brief and .25 hour of attorney time for reviewing the order of referral.  I find these reasonable and will allow these requests.  Plaintiff's counsel claims .50 hour of attorney time for review of the Report and Recommendation and .25 hour of attorney time for review of the remand order.  The order is a mere one-page document stating that the parties' motions for

4

summary judgment are denied, vacating the final decision of the Commissioner and remanding the case to the Commissioner for further evaluation. Once having read the actual Report and Recommendation, the time taken to review the order remanding the case is, as stated by this court in *Chapman*, "barely cognizable." 2009 WL 3764009, at *2. Thus, I will allow .50 hour of attorney time for both of these activities combined. Finally, plaintiff's counsel seeks 1 hour of paralegal time and .25 hour of attorney time for preparation and submission of the EAJA application. I find such request reasonable.

Based on the above reasoning, I will not award the $1,362.50 in attorneys' fees as requested. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 8 hours of attorney time compensable at the $125.00 per hour attorney rate, for a total of $1,000.00 in compensable attorney time. The remaining nonattorney activities total 3.75 hours. This court has held that an award of $75.00 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour)). That being the case, the nonattorney time charges in this case total $281.25. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $1,281.25.[1]

---

[1] Plaintiff's counsel initially requested a fee of $1,362.50, reflecting a total of 8.5 hours at $125 per hour and 4 hours at $75 per hour. Although the Commissioner does not object to the requested amount of attorneys' fees, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990).

For the foregoing reasons, the Motion will be granted, but attorneys' fees under the EAJA will be awarded to plaintiff's counsel in the reduced amount of $1,281.25. Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010). Thus, attorneys' fees in the amount of $1,281.25 will be paid directly to the plaintiff and sent to the business address of plaintiff's counsel. Costs in the amount of $350.00 will be paid directly to plaintiff's counsel.

ENTER: January 11, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE